J-S62002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL EDWARD FORD | |
| Appellant | No. 1411 WDA 2014 |

Appeal from the Judgment of Sentence July 28, 2014
in the Court of Common Pleas of Allegheny  County
Criminal Division at No.: CP-02-CR-0002565-2012

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 17, 2015**

Appellant, Daniel Edward Ford, appeals from the judgment of sentence imposed on July 28, 2014 following the revocation of his probation, to an aggregate sentence of not less than forty-eight nor more than 150 months' incarceration, followed by a three-year period of probation.  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant was charged by criminal information with thirty-four counts[1] of related sexual offenses.  On September 18, 2012, Appellant pleaded guilty to two counts of unlawful contact with a minor in violation of 18 Pa.C.S.A.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Specifically, Appellant was charged with four counts of unlawful contact with a minor, six counts of criminal solicitation, four counts of corruption of minors, five counts of body piercing a minor, four counts of criminal use of a communication facility, and one count of selling obscene/sexual materials.

§ 6318(a)(1) (Counts 1 and 7). The Commonwealth withdrew the remaining thirty-two counts as part of the negotiated plea. On September 18, 2012, Appellant was sentenced on Count 1 to not less than eleven months and twenty-nine days nor more than one year, eleven months, and twenty-nine days' incarceration followed by an eight-year term of probation, and sentenced on Count 7 to a concurrent sentence of a ten-year term of probation to commence after confinement. (**See** Trial Court Order of Sentence, 9/18/12). Appellant was also required to register under Megan's Law for a period of ten years. (**See id.**).

Between July 22, 2013 and April 7, 2014, the trial court[2] conducted seven sex offender court review hearings. (**See** Criminal Docket No. CP-02-CR-0002565-2012, Court of Common Pleas of Allegheny County). On July 28, 2014, the trial court conducted a **Gagnon II**[3] revocation of probation hearing because of numerous violations of the terms of Appellant's probation including hanging out with younger girls, having their phone numbers on his cell phone, continuing to engage in deceptive practices, texting a sixteen year old girl, and being in possession of four cell phones, one of which had internet access. (**See** N.T. Probation Violation Hearing, 7/28/14, at 3).

_____

[2] The **Gagnon II** hearing was conducted by the same trial court judge who conducted the sex offender court review hearings and who sentenced Appellant on his original charges on September 18, 2012.

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

During the **Gagnon II** hearing, the trial court had the benefit of a presentence investigation report, (**see id.** at 2), heard argument and testimony from Appellant and his counsel seeking to mitigate and explain the probation violations, (**see id.** at 6-13, 15-17, 21-23), and heard testimony about Appellant's ongoing "concussion syndrome" related to brain injury. (**See id.** at 9-10, 18).

At the conclusion of the **Gagnon II** hearing, the trial court found that Appellant had a clear need for sex-offender mental health treatment and that it was not successful in the community. (**See id.** at 4-5, 23). The court also found that Appellant presented a very high risk scenario given his multiple issues during supervision and his prior record. (**See id.** at 23-24). Therefore, the trial court revoked Appellant's probation and imposed a sentence of not more than twenty-four nor less than seventy-five months' incarceration on each count, to be served consecutively, followed by a three-year period of probation, resulting in an aggregate sentence of not more than forty-eight nor less than 150 months' incarceration, followed by a three-year period of probation. (**See id.** at 24).

After the trial court denied Appellant's post-sentence motion for modification of sentence, except to the limited extent that he receive all time credit due, Appellant's counsel filed a timely notice of appeal on August 27,

2014. He filed his Rule 1925(b) concise statement on February 9, 2015.[4]

*See* Pa.R.A.P. 1925(b). On March 30, 2015, the trial court entered its 1925(a) opinion. *See* Pa.R.A.P. 1925(a).

Appellant raises one question for our review:

I. Did the trial court abuse its discretion by sentencing [Appellant] to [forty-eight] to 150 months of incarceration, when it failed to consider and apply all the required sentencing factors under 42 Pa.C.S.A. § 9721 and 42 Pa.C.S.A. § 9725, specifically [Appellant's] Nature, History, Characteristics and Rehabilitative Needs?

(Appellant's Brief, at 6).

Appellant's challenge effectively seeks review of the length of his sentence and, accordingly, challenges the trial court's exercise of discretion. *See Commonwealth v. Bonds*, 890 A.2d 414, 417 (Pa. Super. 2005). "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (quoting *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010)).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal[.]" *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). The Rules of Appellate Procedure mandate that, to obtain review of the discretionary

---

[4] Appellant was granted four extensions of time to file the Concise Statement because transcripts were unavailable.

aspects of a sentence, an appellant must include in his brief a concise statement of reasons relied upon for allowance of appeal. *See* Pa.R.A.P. 2119(f); *see also* 42 Pa.C.S.A. § 9781(b). This statement must "raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." *Commonwealth v. Flowers*, 950 A.2d 330, 331 (Pa. Super. 2008) (citations omitted).

Here, Appellant's 2119(f) statement raises a substantial question that the sentence imposed upon revocation of his probation violates a fundamental norm underlying the sentencing process. Appellant's 2119(f) concise statement claims that his sentence was not appropriate under the sentencing code because "[t]he trial court did not consider the nature, history, and characteristics of [Appellant] or his rehabilitative needs", and furthermore the "trial court did not address [Appellant's] ongoing concussion syndrome[.]" (Appellant's Brief, at 18; *see id.* at 15-19); *see also Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012).

Our standard of review of an appeal from a sentence imposed following the revocation of probation is well-settled:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.[A.] § 9771(b). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

- 5 -

*Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006) (case citations omitted). Furthermore, "it is well settled that the sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001) (internal citations and quotation marks omitted).

Here, Appellant pleaded guilty to two counts of unlawful contact with a minor and was sentenced to not less than eleven months and twenty-nine days nor more than one year, eleven months, and twenty-nine days' incarceration followed by a ten-year term of probation. (*See* Order of Sentence, 9/18/12). When Appellant entered his guilty plea, he acknowledged that he was subject to a maximum punishment of ten years' incarceration on both Counts 1 and 7. (*See* N.T. Sentencing, 9/18/12, at 12).

Appellant's sentence upon revocation of probation, an aggregate sentence of forty-eight to 150 months' incarceration, was well below the maximum sentence that the trial court could have imposed at the time of the probationary sentence. *See Commonwealth v. Gheen*, 688 A.2d 1206, 1207-08 (Pa. Super. 1997); *see also MacGregor*, *supra* at 317.

Appellant's challenge to the discretionary aspects of his sentence fails to implicate the validity of the probation revocation proceedings or the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of his initial sentencing. *See id.* A review of the record indicates that the trial court was cognizant of

Appellant's history and background in fashioning his sentence and furthermore, that the trial court had the benefit of a pre-sentence investigation report. (*See* N.T. Sentencing, 9/18/12; N.T. Probation Violation Hearing, 7/28/14, at 2). "Our Supreme Court has ruled that where [a] pre-sentence [investigation] report[] exist[s], the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information contained therein." *Commonwealth v. Ratushny*, 17 A.3d 1269, 1273 n.8 (Pa. Super. 2011) (citations omitted).

Accordingly, after independent review, we discern no basis on which to find that Appellant's sentence violated a particular provision of the sentencing code or a fundamental norm of the sentencing process. We conclude that the trial court was well within its discretion in sentencing Appellant to an aggregate sentence of not less than forty-eight nor more than 150 months of incarceration. Accordingly, Appellant's allegation that the trial court abused its discretion is without merit.

Judgment of sentence affirmed.

President Judge Gantman joins the Memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2015