**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Brian Lee MacGREGOR, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 2006.
Filed Nov. 21, 2006.

Bradley S. Bingaman, Bedford, for appellant.

William J. Hughes, Jr., Asst. Dist. Atty., Bedford, for Com., appellee.

BEFORE: MUSMANNO, KLEIN, JJ., and McEWEN, P.J.E.

OPINION BY McEWEN, P.J.E.:

¶ 1 Appellant, Brian Lee MacGregor, has taken this appeal from the judgment of sentence to serve a term of imprisonment of from eighteen months to sixty months imposed after the trial court found that he had violated the terms of the sentence of probation that had been previously imposed on his conviction for rape. We vacate the judgment of sentence.

¶ 2 Appellant was originally sentenced on June 22, 2001, to a term of imprisonment of from two years to four years, to be followed by a term of probation for five years, after he had pleaded guilty to a charge of rape, based upon his conduct with a child under the age of thirteen. 18 Pa.C.S. § 3121(a)(6).[1] Appellant served the full four-year term of imprisonment and was released on May 10, 2005,[2] to begin serving the term of probation. Appellant was, at the time of his release, required to sign a "Special Conditions of Parole" form, which set out a number of conditions to which the term of probation was subject, one of which was that he was not to have "any contact with any minors under the age of 18 for any reason." Special Conditions of Parole, May 10, 2005, at p. 1.

¶ 3 The record reveals that in September of 2005, appellant, on three different occasions, went with his girlfriend to gatherings of her family at which young

---

1. Subsection (a)(6) of section 3121 was deleted by Act of December 9, 2002, P.L. 1350, No. 162, § 2, effective February 7, 2003, and replaced by 18 Pa.C.S. § 3121(c).

2. From the record it appears that appellant was given credit for time served between the date of the revocation of his bail and the imposition of sentence on June 22, 2001.

children were present.[3] Based upon this evidence, the trial court revoked the probationary sentence and imposed a prison sentence of from eighteen months to sixty months. This appeal followed.

¶ 4 Appellant, in the brief submitted in support of this appeal, sets out the following questions for review by this Court:

Whether there were sufficient grounds for a revocation of probation?

Whether the sentence imposed by the trial court following revocation of probation was excessive in light of all the factors presented?

■ ¶ 5 When we consider an appeal from a sentence imposed following the revocation of probation, our standard of review is well settled:

Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa. C.S. § 9771(b). *See also Commonwealth v. Gheen*, 455 Pa.Super. 499, 688 A.2d 1206, 1207 (1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have

imposed originally at the time of the probationary sentence. *Id.*, 688 A.2d at 1207–1208. *Accord Commonwealth v. Ware*, 737 A.2d 251, 254 (Pa.Super.1999).

*Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa.Super.2000), *appeal denied*, 565 Pa. 637, 771 A.2d 1279 (2001).

■ ¶ 6 Appellant first claims that the evidence was insufficient to support the decision of the trial court to revoke his probation. It is well settled that the revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. *Commonwealth v. Smith*, 447 Pa.Super. 502, 669 A.2d 1008, 1011 (1996).

■ ¶ 7 Appellant argues, *inter alia*, that the order of the trial court constituted an error of law because the conditions which appellant was found to have violated were not conditions that had ever been imposed by the court. This Court recently held, in *Commonwealth v. Vilsaint*, 893 A.2d 753 (Pa.Super.2006), that "the legislature [in the Sentencing Code] has specifically empowered the court, ***not the probation offices and not any individual probation officers***, to impose the terms of probation." *Id.* at 757 (emphasis supplied)(footnote omitted). *See:* 42 Pa.C.S. § 9754(c).[4]

---

3. The children ranged in ages from a newborn to eight years old.

4. Our decision in *Commonwealth v. Vilsaint*, 893 A.2d 753 (Pa.Super.2006) was consistent with, and even mandated by the *decision of the Pennsylvania Supreme Court in Commonwealth v. Infante*, 585 Pa. 408, 420, 888 A.2d 783, 790 (2005), wherein the Court held:

The [Sentencing] Code also mandates that *a court* imposing probation, "attach such of the reasonable conditions authorized by subsection (c) of this section as it deems

necessary to insure or assist the defendant in leading a law-abiding life." *Id.* § 9754(b). Subsection (c) *gives the court* discretion to impose, as a condition of probation, any of the enumerated requirements therein, as well as "any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." *Id.* § 9754(c)(13).

*Id.* (emphasis supplied).

¶ 8 In this case, the conditions appellant was charged with violating were not imposed by the court. Rather, the conditions upon which the Commonwealth sought revocation were recited on a preprinted form applicable to *parole*, and were drafted by, and signed by a parole agent as the issuing authority.[5] Moreover, while the opening sentence of the "Special Conditions of Parole" form reads in relevant part, "you are subject to the following conditions which are being imposed pursuant to Condition No. 7 of the original conditions governing your *parole*," the trial court did not impose "Condition No. 7" or any other condition regulating *appellant's term of probation*. *See:* Footnote 5, *supra*.

¶ 9 Consequently, we find merit to the argument of the appellant that the record here was insufficient upon which to conclude that the revocation of appellant's probation can be sustained.[6] Therefore we must vacate the judgment of sentence.[7]

¶ 10 Judgment of sentence vacated.

By the Court
____/S/____
Order of Sentence, Howsare, P.J., June 22, 2001.

---

5. The order of the trial court imposing the sentence of probation in this case provided:
   And now, June 22, 2001, the Order of the Court is as follows:
   On Count No. 2 of the information, the sentence of the Court is that the defendant, Brian Lee MacGregor, pay the costs of prosecution, pay a fine in the amount of $500.00, and be committed to the Bureau of Corrections for incarceration in a state correctional institution for a term of not less than two (2) years or more than four (4) years to be followed by probation under the supervision of the Pennsylvania State Board of Probation and Parole for a period of five (5) years. While on probation the defendant shall pay a supervisory fee in the amount of $25.00 a month.
   On motion of the Assistant District Attorney, Count Nos. 1, 3, 4, 5, 6, 7, 8, 9 & 10 of the information are hereby *nolle prossed*.

6. It bears mention that the Commonwealth did not file a brief in this appeal, and hence has offered no argument to support the trial court's revocation of appellant's probation.

7. Section 9771 of the Sentencing Code provides in relevant part that a "court may at any time ... lessen or increase the conditions upon which an order of probation has been imposed." 42 Pa.C.S. § 9771(a). Thus, our decision today should not be construed as precluding the trial court, upon the return of this case to its jurisdiction, from imposing restrictive conditions upon appellant's future conduct.