J-S56033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID MICHAEL SMITH, | |
| Appellant | No. 767 MDA 2014 |

Appeal from the Judgment of Sentence April 4, 2014
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0003204-2001

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 07, 2014**

Appellant, David Michael Smith, appeals from the sentence imposed after the revocation of his probation.  Appellant's counsel seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's application to withdraw.

On April 2, 2003, a jury convicted Appellant of one count each of rape, statutory sexual assault, involuntary deviate sexual intercourse, terroristic threats, and corruption of minors; and two counts each of simple assault and

---

[*] Retired Senior Judge assigned to the Superior Court.

indecent assault.[1]  The offenses related to Appellant's criminal conduct that began when the victim, Appellant's girlfriend's daughter, was eleven-years-old, and continued for a three-year period.  When the victim was fourteen, she gave birth to a child, which DNA evidence confirmed to be Appellant's.  On June 11, 2003, the court sentenced Appellant to an aggregate term of incarceration of not less than six nor more than twelve years, to be followed by eight years of probation.  (**See** N.T. Sentencing Hearing, 6/11/03, at 25-26).  The probationary sentences were applied to the convictions of one count each of terroristic threats and corruption of minors, and two counts of simple assault.  (**See id.**).

Appellant was released from prison in June 2013.  On August 27, 2013, the Commonwealth commenced violation of probation proceedings against Appellant for his failure to comply with the term of his probation that he attend and complete sex offender treatment.  On November 8, 2013, the trial court held a probation violation hearing.  Brian Hoffman, of the Pennsylvania Board of Probation and Parole, testified on the Commonwealth's behalf.  (**See** N.T. Probation Violation Hearing, 11/08/13, at 6-24).  Agent Hoffman stated that he began supervising Appellant on Monday, June 17, 2013, after his release from prison on Saturday, June 15,

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(6), 3122.1, 3123(a)(7), 2706(a)(1), 6301(a)(1), 2701(a)(1), and 3123(a)(7) and (8), respectively.

2013. (*See id.* at 7, 19). At that time, Agent Hoffman reviewed Appellant's conditions of probation with him, specifically, condition number eight, that he was required to engage in sex offender treatment. (*See id.* at 8, 21-22). He provided Appellant with all contact information for Triad Treatment Specialists to enable him to enroll in therapy, but Appellant was very resistant to treatment. (*See id.* at 11, 22-23). Agent Hoffman testified that Triad Treatment Specialists did not admit Appellant into therapy because he refused to "either admit to some part of the crime or submit to a polygraph." (*Id.* at 13). At that point, Appellant was taken into custody for violating the terms of his probation. (*See id.* at 14).

Molly Simmons, a counselor from Triad Treatment Specialists, testified that at her initial, July 2013, evaluation of Appellant, he indicated that he believed sex offender treatment was unnecessary because "he was wrongly accused." (*Id.* at 26; *see id.* at 25). On August 8, 2013, Appellant told Ms. Simmons that "he would not be interested in participating [in treatment] if [he] would be required [to admit that he had] intentional sexual contact with the victim." (*Id.* at 28). When advised that he could take a therapeutic polygraph examination in lieu of treatment, Appellant stated that he refused to pay for it. (*See id.* at 29). Appellant's counsel cross-examined both of the Commonwealth's witnesses and Appellant testified on his own behalf. (*See id.* at 18-24, 30-37, 39-53).

At the conclusion of the hearing, the court revoked Appellant's probation because, "[b]ased on the evidence presented and having resolved all issues of credibility . . . [Appellant] has violated the terms of his probation . . . [and] probation has been an ineffective means of promoting [Appellant's] rehabilitation." (*Id.* at 61). The court scheduled sentencing for January 10, 2014, and ordered the preparation of a pre-sentence investigation (PSI) report. (*See id.*).

On January 10, 2014, the court held a sentencing hearing, during which it thoroughly reviewed Appellant's PSI, notes of testimony from the probation violation hearing, and the record in this case. (*See* N.T. Hearing, 1/10/14, at 6-13). In pertinent part, the court found that Appellant refused to participate [in sex offender treatment or] to pay for the polygraph examination to determine whether, in fact, [he was] being deceptive with respect to the initial offenses." (*Id.* at 11). Thereafter, the court imposed an aggregate sentence of not less than three nor more than nine years' incarceration, followed by five years of probation. (*See id.* at 14; Violation Sentence Sheet, 1/10/14, at 1).

Appellant filed a motion to modify sentence and, on January 29, 2014, the court vacated its sentence and ordered a new sentencing hearing. At the April 4, 2014 hearing, the court made the same factual findings as it had previously, (*see* N.T. Re-Sentencing Hearing, 4/04/14, at 13, 25-30), and imposed an aggregate sentence of not less than two and one-half nor more

than five years' incarceration, followed by nine years of probation. (*See id.* at 33; Violation Sentence Sheet, 4/04/14, at 1). Appellant timely appealed.[2]

On July 7, 2014, counsel filed an application to withdraw and an *Anders* brief on the basis that the appeal is frivolous.

The standard of review for an *Anders* brief is well-settled.

Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

(1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.

*Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009) (citations and quotation marks omitted). Further, our Supreme Court ruled in

---

[2] Pursuant to the sentencing court's order, Appellant's counsel informed the court that he would be filing an *Anders* brief. *See* Pa.R.A.P. 1925(c)(4). The court filed a Rule 1925(a) opinion on May 16, 2014, in which it stated that "[i]n the absence of a statement of errors complained of on appeal, it would appear that [the court] is not required to file an opinion . . . ." (Trial Court Opinion, 5/16/14, at 2); *see also Commonwealth v. McBride*, 957 A.2d 752, 758 (Pa. Super. 2008) ("If counsel files a statement of intent to file an *Anders*[] brief pursuant to Rule 1925(c)(4), a trial court opinion is not necessary[.]").

*Santiago*, *supra*, that *Anders* briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" *Santiago*, *supra* at 360.

Instantly, counsel's *Anders* brief and application to withdraw substantially comply with the applicable technical requirements and reveal that he has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]" *Lilley*, *supra* at 997. Additionally, the record establishes that counsel served Appellant with copies of the *Anders* brief and the application to withdraw, and a notice that advised Appellant of his right to retain new counsel or to proceed *pro se* and raise additional issues to this Court. *See id.*; (*see also* Application For Leave to Withdraw as Counsel, 7/07/14, Exhibit A). Further, the brief cites "to anything that arguably might support the appeal[.]" *Lilley*, *supra* at 997; (*see also Anders* Brief, at 13-16). As noted by our Supreme Court in *Santiago*, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of *Anders*. *See Santiago*, *supra* at 360-61.

Having concluded that counsel's application and brief substantially comply with the technical *Anders* requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Lilley*, *supra* at 998 (citation omitted).

The ***Anders*** brief raises one question for this Court's review: "Should appellate counsel be permitted to withdraw as counsel because any appellate issues in the instant case are frivolous?" (***Anders*** Brief, at 4). Counsel represents that "[a]fter he was sentenced, [Appellant] indicated his desire to appeal his judgment of sentence[, but that he] has not communicated to counsel any specific issues to be raised." (***Id.*** at 12). However, the ***Anders*** brief addresses the question of whether the evidence was sufficient to support the revocation of Appellant's probation. (***Id.*** at 14). Accordingly, we will conduct our own independent review of this issue.

Our scope of review of an appeal from a sentence imposed following the revocation of probation is well-settled:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.[A.] § 9771(b). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

***Commonwealth v. MacGregor***, 912 A.2d 315, 317 (Pa. Super. 2006) (case citations omitted).

> A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.
>
> Moreover, the Commonwealth need only make this showing by a preponderance of the evidence.[1]

[1] The "preponderance of the evidence" is the lowest burden of proof in the administration of justice, and it is defined as the greater weight of the evidence, i.e., to tip a scale slightly in one's favor.

***Commonwealth v. Ortega***, 995 A.2d 879, 886 (Pa. Super. 2010), *appeal denied*, 20 A.3d 1211 (Pa. 2011) (citations omitted).

Here, at the probation violation hearing, Appellant's probation officer, Brian Hoffman, testified that, upon Appellant's release from prison, he reviewed Appellant's conditions of probation with him and provided him with all contact information for Triad Treatment Specialists, but that Appellant was not admitted into treatment. (***See*** N.T. Probation Violation Hearing, 11/08/13, at 7-8, 11, 13, 19-23). Triad counselor Molly Simmons testified that Appellant was not admitted into sexual offender treatment because of his continued failure to admit that he had committed the acts for which he was convicted, and his refusal to pay for a therapeutic polygraph examination in lieu of counseling. (***See id.*** at 25-26, 28-29).

We conclude that this evidence was sufficient to support the court's finding that Appellant had violated the terms of his probation by failing to attend and complete sex offender counseling and that "probation has been an ineffective means of promoting [his] rehabilitation." (***Id.*** at 61); ***see also Ortega***, ***supra*** at 886.

Moreover, we observe that, when Appellant originally was sentenced, he faced a maximum aggregate term of incarceration of fourteen years for

the crimes of simple assault, terroristic threats, and corruption of minors. (***See*** N.T. Re-Sentencing, 4/04/14, at 22-23, 26); ***see also*** 18 Pa.C.S.A. § 1104(1), (2). Therefore, the sentence of not less than two and one-half nor more than five years' incarceration, followed by nine years' probation, imposed after his probation revocation, was well within "the maximum sentence that [the court] could have imposed originally at the time of the probationary sentence." ***MacGregor***, ***supra*** at 317.

Accordingly, we agree with counsel that Appellant's claim is "wholly frivolous" and does not merit relief. ***Lilley***, ***supra*** at 998; ***see also*** ***MacGregor***, ***supra*** at 317. Additionally, we find no other non-frivolous issues.

Judgment of sentence affirmed. Counsel's application to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014

- 9 -