J-A29033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ROBERT EDWIN SHOUP, :
:
Appellant : No. 1941 WDA 2014

Appeal from the Judgment of Sentence entered on October 29, 2014
in the Court of Common Pleas of Jefferson County,
Criminal Division, No: CP-33-CR-0000043-2014;

BEFORE: FORD ELLIOTT, P.J.E., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 25, 2015**

Robert Edwin Shoup ("Shoup") appeals from the judgment of sentence entered following the revocation of his probation. We vacate the judgment of sentence.

On May 12, 2014, as a result of a plea agreement, Shoup pled guilty to the crimes of resisting arrest, providing false identification to police, and possession of drug paraphernalia.[1] In accordance with the plea agreement, for his conviction of resisting arrest, the trial court sentenced Shoup to two years of probation. For his convictions of providing false identification to police officers and possessing drug paraphernalia, the trial court imposed two, one-year terms of probation, to be served concurrent to each other and

---

[1] 18 Pa.C.S.A. §§ 5104, 4914; 35 P.S. § 780-113(a)(32).

concurrent with Shoup's sentence for resisting arrest. At the time of his guilty plea, Shoup was 46 years old.

In July 2014, Shoup failed to report to his probation officer. On July 30, 2014, the probation department left written notice, at Shoup's last reported address, for Shoup to report to his probation officer on July 31, 2014. While leaving the notice, a neighbor indicated that about two weeks prior, Shoup had moved from that address. In August 2014, a warrant was issued for Shoup's arrest, based upon the violation of a condition of his probation. In October 2014, Shoup was arrested in Colorado, and subsequently extradited back to Pennsylvania.

Shoup waived his *Gagnon I* hearing, admitting to technical violations of his probation based upon his relocation to Colorado.[2] N.T., 10/15/14, at 6-7. At the *Gagnon II* hearing, the trial court revoked Shoup's probation

---

[2] In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the United States Supreme Court held that a defendant accused of violating the terms of his probation is entitled to two hearings prior to formal revocation and re-sentencing:

> When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made.

*Commonwealth v. Sims*, 770 A.2d 346, 349 (Pa. Super. 2001). The *Gagnon II* hearing requires two inquiries: (1) whether the probationer has, in fact, violated one of the conditions of his probation, and, if so, (2) should the probationer "be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation[.]" *Id*. (quoting *Gagnon,* 411 U.S. at 784).

for each of his convictions, and resentenced Shoup to total confinement. For his conviction of resisting arrest, the trial court imposed a prison term of one to two years. For his conviction of possession of drug paraphernalia, the trial court imposed a consecutive prison term of six to 12 months. For his conviction of providing false identification to police, the trial court imposed a prison term of six to twelve months, to be served consecutive to Shoup's sentence for possession of drug paraphernalia. As a result, for two technical violations of his probation, the trial court sentenced Shoup to an aggregate prison term of two to four years, plus fines, costs and restitution.

Shoup timely filed a Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Shoup now presents the following claims for our review:

I. Whether the trial court erred in revoking [Shoup's] probation based upon first-time, technical, non-reporting violations of probation conditions imposed by the Jefferson County Probation Office, and not the trial court?

II. Whether the trial court erred in sentencing Shoup to a term of total confinement based upon first-time, technical, non-reporting violations of probation[,] when there was no conviction of a new crime during the probationary term, the technical violations at issue did not indicate that it was likely Shoup would commit another crime if not imprisoned, and such a sentence was not essential to vindicate the authority of the trial court?

III. Whether the trial court erred in sentencing [] Shoup to a manifestly excessive aggregate sentence of total confinement of two (2) to four (4) years, the statutory maximum available sentence, based upon first-time, technical, non-reporting violations of probation resulting from Shoup's moving to Colorado[,] to obtain gainful

- 3 -

> employment and be with family[,] without prior notification to [the p]robation [office]?

Brief for Appellant at 4.

Shoup first challenges the legality of his sentence, arguing that the trial court lacked the legal authority to revoke his sentences of probation.[3] *Id.* at 14. Shoup argues that only a trial court may impose conditions of probation, and that probation cannot be revoked based upon a violation of conditions imposed by a probation officer, and not the trial court. *Id.* at 16. According to Shoup, the trial court revoked his probation based upon technical violations of his probation related to his relocation to Colorado. *Id.* Shoup relies upon this Court's decisions in *Commonwealth v. Vilsaint*, 893 A.2d 753 (Pa. Super. 2006), and *Commonwealth v. MacGregor*, 912 A.2d 315 (Pa. Super. 2006), in support.

The "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007).

---

[3] In his Pa.R.A.P. 1925(b) Concise Statement, Shoup did not specifically identify this claim that his sentence is illegal. Rather, Shoup generally asserted that the trial court erred by imposing prison time for technical violations of his probation. However, claims pertaining to the legality of sentence are non-waivable, may be leveled for the first time on appeal, even where such claim is not identified in the appellant's Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. *Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa. Super. 2008).

- 4 -

Initially, we are cognizant that pursuant to 42 Pa.C.S.A. § 9754(b), when imposing a sentence of probation, the trial court "shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life." 42 Pa.C.S.A. § 9754(b). Subsection (c) enumerates fourteen conditions a sentencing court may impose upon a defendant when it imposes probation. Subsection (c) includes, in relevant part, the following conditions:

> **(9)** To remain within the jurisdiction of the court and to notify the court or the probation officer of any change in his address or his employment.
>
> **(10)** To report as directed to the court or the probation officer and to permit the probation officer to visit his home.
>
> …
>
> **(13)** To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.

*Id.* § 9754(c)(9), (10), (13).

The Sentencing Code authorizes a court to revoke an order of probation where a defendant violates a specified condition of probation:

> **§ 9771. Modification or revocation of order of probation**
>
> …
>
> **(b) Revocation.—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation.** Upon revocation the sentencing alternatives available to the court shall be the same as were

- 5 -

available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

42 Pa.C.S.A. § 9771 (emphasis added).

A trial court, however, may not revoke probation where the defendant violated a condition of probation *not* imposed by the trial court. In **Vilsaint**, this Court considered whether probation could be revoked where a defendant violated a condition of probation specified by the probation department, but not specified in the trial court's probation order:

> **[T]he legislature has specifically empowered the court, not the probation offices and not any individual probation officers, to impose the terms of probation.** … If a probation officer cannot properly impose a special condition of probation, then it is fundamentally unfair to incarcerate a person, in this case for the remainder of his 96 month sentence, for "violating" a condition never officially imposed. Indeed, it seems impossible to violate a non-imposed condition.

**Vilsaint**, 893 A.2d at 757 (emphasis added).

Subsequently, in **MacGregor**, this Court vacated an appellant's judgment of sentence, where "the conditions [that the] appellant was charged with violating were not imposed by the court. Rather, the conditions upon which the Commonwealth sought revocation were recited on a preprinted form applicable to parole, and were drafted by, and signed by a parole agent as the issuing authority." **MacGregor**, 912 A.2d at 318 (footnote omitted).

In **Commonwealth v. Elliott**, 50 A.3d 1284 (Pa. 2012), our Supreme Court reconciled section 9754 with sections 6131 and 6151 of the Prisons

and Parole Code,[4] which mandate that the Probation Board and its agents establish and implement uniform standards and conditions for the supervision of probationers. Distinguishing between "conditions of probation" and "conditions of supervision," the Supreme Court held that "the [Probation] Board and its agents may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court." *Elliott*, 50 A.3d at 1292. Thus, the "[Pennsylvania] Board [of Probation and Parole] or its agents may impose more specific conditions of supervision pertaining to that probation, **so long as those supervision conditions are in furtherance of the trial court's conditions of probation.**" *Commonwealth v. Elliott*, 50 A.3d 1284, 1292 (Pa. 2012) (emphasis added).

Our review of the record discloses that, in sentencing Shoup to probation, the trial court imposed the following "special condition": "[Shoup] shall be subject to the standard terms and conditions of person on probation supervision by the Jefferson County Adult Probation Department." Judgment of Sentence, 5/12/14. These "standard terms and conditions" were not identified by the trial court, nor were they appended to the trial court's judgment of sentence. The trial court did not include a condition requiring Shoup to notify the probation office of a change in his address or his employment, as authorized by section 9754(c)(9).

---

[4] 61 P.S. § 1, *et seq.*; 61 Pa.C.S.A. § 1, *et seq.*

At the **Gagnon I** hearing, Shoup admitted "to technical violations regarding relocation to Colorado." N.T., 10/15/14, at 6-7. At the **Gagnon II** hearing, the trial court stated the following:

> Most importantly, … we're here in a situation where you left Jefferson County without permission. And not only left your residence, which, you know, we have a few that are just down the street or maybe in the same town or township, but here you went to Colorado. You did get a job—I did get the letter [from Shoup's Colorado employer]—but you violated your probation in that regard, and you violated it several states [*sic*] requiring extradition.
>
> So I think to vindicate the authority of the Court, there needs to be a sentence of total confinement.

N.T., 10/29/14, at 9. However, the condition allegedly violated by Shoup, *i.e.*, that he could not relocate without permission, was not expressly imposed by the trial court in its May 12, 2014 judgment of sentence. Further, the "standard terms and conditions" referred to by the trial court in its sentence are not of record. As such, the record does not support a determination that the "standard terms and conditions" include a prohibition against relocation without permission, or that such condition is "germane to, elaborate[s] on, or interpret[s]" any condition imposed by the trial court. **See Elliott**, 50 A.3d at 1292.

As our Pennsylvania Supreme Court has recognized, only "the court, not the probation offices and not any individual probation officers, [may] impose the terms [and conditions] of probation." **MacGregor**, 912 A.2d at 317; **accord Elliott**, 50 A.3d at 1291. Further, "it is fundamentally unfair

to incarcerate a person … for 'violating' a condition never officially imposed."

***Vilsaint***, 893 A.2d at 757. Because the trial court's probation sentence did not identify or impose a condition regarding relocation, it would be fundamentally unfair for Shoup to be found in violation of such condition.[5] Accordingly, we conclude that the trial court lacked the authority to impose its October 29, 2014 judgment of sentence.

Even if the probation office's relocation restrictions were germane to, elaborated on, or interpreted a condition imposed by the trial court, we would conclude that the trial court's abused its discretion in revoking Shoup's probation and sentenced him to total confinement.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

> * * *

> When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

---

[5] It bears mention that the Commonwealth did not file a brief in this appeal, and did not appear at argument to support the trial court's revocation of probation and Judgment of Sentence.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012) (citation omitted).

At the *Gagnon I* hearing, Shoup's counsel informed the trial court that Shoup had obtained employment in Colorado. N.T., 10/15/14, at 5. Defense counsel stated,

> I would point out that in Colorado, [Shoup is] gainfully employed as a diesel mechanic at Cornerstone Fleet Services ["Cornerstone"]. And I think any prolonged incarceration would jeopardize that employment and, further, render him unable to pay his restitution.
>
> With respect to the technical violations, I think those can be remedied pretty quickly with just a change of address and some updating information with adult probation and parole.

*Id.*

At the *Gagnon II* hearing, Shoup testified that he resides in Aurora, Colorado, where he is gainfully employed as a diesel mechanic by Cornerstone. N.T., 10/29/14, at 4. As a diesel mechanic, Shoup stated, he performs major motor work and complete truck service. *Id.* Shoup testified that he also is helping his girlfriend raise her adopted child in Colorado. *Id.* at 4-5. In addition, Shoup stated that his mother and brother also reside in Colorado. *Id.* at 4.

At the hearing, Shoup presented a letter from his current employer, indicating that Shoup

> is very good at what he does. He's been reliable and dependable in all aspects of his job. He is reporting to work daily on time to complete customer repairs completely and correctly….

*Id.* at 5.  Shoup further testified that,

> after pleading guilty [to the charges] …, I didn't realize at the time, but the person that was involved in this that I had an altercation with, I ended up losing … my job at Freightliner that I had worked for, for approximately 24 years.  I lost my house over it all also, and I was afraid of losing my tools that I worked hard to get.
>
> And I was all alone here.  All my family ended up moving out there.
>
> And I got scared and ran, shouldn't [*sic*] have….
>
> …
>
> I went to Colorado because my brother told me there was plenty of work out there.  I hadn't seen my brother but probably four times in the last 25 to 30 years.  He was in the military for a lot of years and lived out west.  My mother has been out there with bad health, and I had a chance at a new start where I wouldn't be around the stuff I was around.
>
> I should have done it differently.  I should have went to probation.  I was afraid of losing my job and my house[,] that I would get locked up, and I didn't have a way to take care of my tools.  Since the last time, I lost everything.  That's why I left without telling them.  I shouldn't have done it that way, but that's what my mind told me was the smart thing to [*sic*].  And it wasn't.

*Id.* at 6.  In addition, Shoup stated that he supports his girlfriend, her child, and his mother.  *Id.* at 7.  Shoup indicated that he works six days a week, and was able to obtain a place to live in Colorado.  *Id.*  Notwithstanding this evidence, the trial court sentenced Shoup to two to four years of total confinement, based upon his "lengthy" criminal history and to vindicate the court's authority.  *Id.* at 9-10.

In light of Shoup's successful efforts at rehabilitation, and the lack of evidence to the contrary, the trial court's revocation of probation is inexplicable and unfathomable.[6] In this case, a sentence of total confinement is not supported by the record, violates the fundamental norms underlying the sentencing process, and constitutes an abuse of discretion. Accordingly, even if Shoup had violated a condition imposed by the trial court, we would conclude that the trial court abused its discretion in revoking Shoup's probation, and imposing a two- to four-year prison term.

In summary, we conclude that the trial court lacked the authority to revoke Shoup's probation. Accordingly, we vacate the trial court's May 12, 2014 judgment of sentence as illegal.

Judgment of sentence vacated.

Ford Elliott, P.J.E., joins the memorandum.

Bowes, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2015

---

[6] It seems myopic and short-sighted to expend tens of thousands of dollars to imprison Shoup, when the record shows that he is gainfully employed.

- 12 -