J-S16016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| VINCENT PAUL WHITE | |
| Appellant | No. 738 WDA 2016 |

Appeal from the Judgment of Sentence April 20, 2016
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000147-2006

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                         **FILED MAY 11, 2017**

Appellant, Vincent Paul White, appeals from the judgment of sentence imposed April 20, 2016, following a **Gagnon II**[1] hearing resulting in the revocation of his split sentence and his re-sentencing to two and one-half to five years of incarceration.  We affirm.

On April 19, 2006, Appellant was charged with theft by unlawful taking and harassment,[2] and a bench warrant for his arrest issued.  **See** Order, 4/19/06, at 1.  On April 15, 2013, Appellant was arrested in New York state and extradited to Jefferson County.  **See** Bench Warrant Return, 4/17/13, at 1.

---

[1] **See Gagnon v. Scarpelli**, 411 U.S. 778, 782 (1973) (concluding that due process requires parolee be given a preliminary (**Gagnon I**) and final (**Gagnon II**) hearing prior to parole revocation).
[2] 18 Pa.C.S. § 3921(a), 2709(a)(1).

[*] Retired Senior Judge assigned to the Superior Court.

On April 17, 2013, Appellant pleaded guilty to theft by unlawful taking. He was sentenced to time served to two years of incarceration less one day, followed by three years plus one day of probation. However, in January 2015, the court issued an order for a bench warrant because Appellant had violated the conditions of his probation. *See* Bench Warrant, 1/28/15, at 1.

On April 20, 2016, Appellant appeared before the court for a revocation hearing. Appellant admitted to violating the terms of his probation. *See* Notes of Testimony (N. T.), 4/20/16, at 4-5. The court found that Appellant had violated his probation, based on a series of new charges. *Id.* at 5. The court revoked Appellant's probation and re-sentenced him to two and one-half to five years of incarceration in state prison. *Id.* at 5-6. Appellant filed a motion for reconsideration of sentence, which the court denied.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The court issued a responsive opinion. In this Court, Appellant filed motions seeking appointment of different counsel, or permission to proceed *pro se*. The matter was remanded for a *Grazier*[3] hearing, and Appellant was permitted to represent himself on appeal. Appellant filed a second court-ordered Pa.R.A.P. 1925(b) statement, but the court did not issue a second opinion.

_____

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Appellant raises the following issues for our review:

I. Whether [Appellant's] original arrest and sentencing for theft by unlawful taking/moveable property and subsequent probation violation was premised upon an illegal sentence, because it was imposed in violation of [42 Pa.C.S. § 5552(b)(1)] the statute of limitations of actions?

II. Whether the violation of the terms of an illegal sentence imposed from the outset can properly form the basis of the [current] revocation of probation?

III. Whether the Commonwealth violated [Appellant's] due process of law, when during a subterfuge, extradited [Appellant] on two [] occasions without a governor's warrant and in violation of the [Interstate Agreement on Detainers]?

IV. Whether [Appellant's] sentence was further illegally imposed because a satisfaction was had in this matter by the fine and restitution/discharge of Ms. Diana L. Capece in 2005?

V. Whether [Appellant] was denied meaningful constitutional protection and representation when revocation counsel rendered ineffective assistance at [Appellant's revocation hearing] by failing to raise the illegality of the original April 17, 2013, arrest and sentencing as a good faith defense at his April 20, 2016 sentencing?

VI. Whether [Appellant] was denied a speedy arrest/trial and was denied fundamental due process?

Appellant's Brief at 3 (unnecessary capitalization omitted).

Appellant's issues do not challenge the revocation of his probation but, instead, attack the legality of his plea and original sentence and the effectiveness of counsel. However, Appellant did not pursue a direct appeal within thirty days of the imposition of his sentence. *See* Pa.R.A.P. 903(a) (providing thirty days to timely file an appeal). Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal.

*Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014).  The record does not reflect such extraordinary circumstances and, accordingly, we have no jurisdiction to consider the issues Appellant raises herein.

To the extent that Appellant challenges the sentence imposed after the revocation of his probation, these issues are meritless.  On appeal from such a sentence, our review is limited to determining the validity of the revocation proceedings and the authority of the court to consider the same sentence alternatives it had at the time of the initial sentence.  *See Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006).  A sentence of total confinement may be imposed if the defendant has been convicted of another crime or if his conduct indicates it is likely he will commit another crime.  *See Commonwealth v. Hoover*, 909 A.2d 321, 323 (Pa. Super. 2006).  Here, Appellant was convicted of theft by unlawful taking, a misdemeanor of the first degree, which bears a statutory maximum sentence of five years of incarceration.  *See* 18 Pa.C.S. § 106, 3921(a).  Further, the court noted the string of arrests in several states as its reason for imposing a sentence of state confinement.  *See* N.T. at 5-6.  Accordingly, the revocation sentence was legal and proper.

Finally, Appellant's claims of ineffective assistance of counsel are not currently reviewable.  Absent circumstances not present here, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict

motions; and such claims should not be reviewed upon direct appeal."

***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/2017