J-S03013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN EDWARD FLAMER, | |
| Appellant | No. 2650 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 2, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006457-2013

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 16, 2019**

Appellant, John Edward Flamer, appeals from the judgment of sentence of an aggregate term of 1½ to 5 years' imprisonment, imposed after the court revoked his term of probation based on a new conviction in an unrelated case. Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

The trial court provided the following summary of the procedural history of this case in its Pa.R.A.P. 1925(a) opinion:

> On July 8, 2013, [Appellant] was arrested by the Ridley Township Police Department and charged with retail theft, 18 Pa.C.S. § 3929[,] and providing false identification to police, 18 Pa.C.S. § 4914, after stealing a GPX portable DVD player from a Kmart store and then falsely identifying himself after being arrested.
>
> On December 16, 2013, [Appellant] entered into a negotiated plea agreement and was sentenced to 8 to 23 months['] incarceration followed by three years['] probation on

the retail theft charge and one-year [of] probation on the false identification charge.

On April 29, 2014, [Appellant] was arrested in the state of Delaware on charges of theft. He was convicted on January 26, 2015. The Adult Probation and Parole Services Department charged him with a violation of Rule 3 of his probation, that he comply with all municipal, county, state and federal laws, as well as Rule 10A, that he pay his court costs and fines. It recommended that he be found in violation of the terms of his probation, that his probation be revoked, and that he receive a new sentence of 18 to 60 months on the retail theft charge and 6 to 12 months['] probation on the false identification charge.

On August 2, 2018, this court conducted a *Gagnon II*[1] hearing, at which defense counsel asked that [Appellant] be sentenced to county time. This court rejected that request, expressing the belief that the state has more resources than the county to help [Appellant] with treatment and placement. It adopted the recommendations of the probation department and sentenced [Appellant] accordingly.

On August 6, 2018, counsel filed a motion to reconsider sentence, in which he argued that this court erred when it departed from the sentencing guidelines without stating a basis.

On August 7, 2018, this court denied that motion without a hearing.

Trial Court Opinion ("TCO"), 10/17/18, at 1-2 (unnecessary capitalization omitted).

Appellant filed a timely notice of appeal on August 31, 2018, followed by a timely, court-ordered Rule 1925(b) concise statement of errors complained of on appeal. Appellant now presents the following issue for our review:

The [c]ourt erred in that its sentence was unreasonable in that it was four times the standard guidelines without articulating

_____

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

- 2 -

adequate reasons for the departure. The trial court abused its discretion when it imposed a sentence exceeding the aggravated guidelines without explaining compelling reasons why the particular offense was more severe than the normal crime of [that] type.

Appellant's Brief at 4.

Appellant's allegations relate to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

Here, the record reflects that Appellant filed a timely notice of appeal, properly preserved his claim in his post-sentence motion, and included a Rule 2119(f) statement in his appellate brief in compliance with Pennsylvania Rules of Appellate Procedure. Thus, we proceed to determine whether Appellant has raised a substantial question to meet the fourth requirement of the four-part test outlined above.

As we explained in **Moury**:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Id.** at 170 (citations and internal quotations omitted).

Appellant maintains in his Rule 2119(f) statement that the trial court "violated the express provisions of the Sentencing Code and imposed an excessive sentence contrary to the fundamental norms which underlie the sentencing process." Appellant's Brief at 6. More specifically, Appellant contends that his revocation sentence is "grossly disproportionate to the nature of the violation," that the trial court failed to consider all relevant sentencing criteria, and that the court accepted an unsupported sentencing recommendation from the probation department. **Id.** at 7. Based on the arguments presented in Appellant's Rule 2119(f) statement, and the case law on which he relies, we conclude that he has presented a substantial question for our review. **See Commonwealth v. Simmons**, 56 A.3d 1280, 1286 (Pa. Super. 2012); **Commonwealth v. Kelly**, 33 A.3d 638, 640 (Pa. Super. 2011); **Commonwealth v. Parlante**, 823 A.2d 927, 929-30 (Pa. Super. 2003).

Accordingly, we will review the merits of his claim, mindful of the following standard of review:

Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of

discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. It is also now accepted that in an appeal following the revocation of probation, it is within our scope of review to consider challenges to both the legality of the final sentence and the discretionary aspects of an appellant's sentence.

*Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citations omitted). Moreover, when we consider an appeal from a sentence imposed following the revocation of probation,

> [o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006) (internal citation omitted).

The reason for the trial court's broad discretion in sentencing and the deferential standard of appellate review is that "the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011) (internal citation and quotation marks omitted). Our Supreme Court has recognized that the sentencing court's "institutional advantage" is, perhaps, even "more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding." *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014).

> At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. *See Commonwealth v. Reaves*, … 923 A.2d 1119, 1129 ([Pa.] 2007) (citing 204 Pa.Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).

*Id.*

In response to Appellant's assertion that his new sentence exceeds the standard guidelines, the court emphasized that the standard sentencing guidelines do *not* apply following a revocation of probation. TCO at 4. The court further explained:

> Even if the guidelines were to apply, this court sentenced [Appellant] within them. Although the DVD player that [Appellant] stole from … Kmart was worth only $95.39, the offense was graded as a felony of the third degree because it was "a third subsequent offense, regardless of the value of the merchandise." 18 Pa.C.S. § 3929(b)(1)(iv). His offense gravity score under the guidelines matrix is 5. [Appellant] had a prior record score of 5, so the standard range for the minimum sentence pursuant to the matrix is 12 to 18 months.
>
> At the recommendation of the office of Adult Probation and Parole Services, this court imposed a minimum sentence of 18 months, which is at the top of but, nevertheless, within the guidelines. The sentence was not "beyond the top end of the aggravated range," or "four times the standard guidelines" as [Appellant] suggests.

*Id.* (unnecessary capitalization omitted).

- 6 -

Moreover, the record reflects that the trial court did consider the rehabilitative needs of Appellant prior to sentencing.

As stated on the record,[2] this [c]ourt sentenced [Appellant] to state time because the state parole department has superior resources to assist him once he has completed his minimum sentence. [Appellant] has a history of psychosis, for which he has been evaluated and treated. Those evaluations, however, also indicate that he has shown some resistance to treatment. Once he has finished his sentence, the State Parole Department will be better equipped to assist him in his transfer back to the community.

*Id.* at 4-5. The court also recognized that after given credit for time served, Appellant will essentially be immediately eligible for parole. N.T. Sentencing at 6-7.

Finally, Appellant argues that the court failed to explain its reasoning for imposing a harsher sentence on Appellant post-revocation. *See* Brief at 8-9, 12. However, as the *Pasture* Court made clear:

[F]ollowing revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant….

---

[2] *See* N.T. Sentencing, 8/2/18, at 12 ("One of the reasons that I think that [Appellant] should be on state parole is because they have more resources to help him with his treatment and placement than the county does or even state probation, and I think it's probably the best placement for him.").

- 7 -

***Pasture***, 107 A.3d at 28.  The ***Pasture*** Court further emphasized that "a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him." ***Id.***

Based on our review of the record, we are satisfied with the justification provided for the sentence imposed on Appellant post-revocation, and we discern no abuse of discretion by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/19