J-S04029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAMA L. COLLIER | |
| Appellant | No. 1090 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 21, 2020
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0001161-2014

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:         **FILED: APRIL 7, 2021**

Appellant, Rama L. Collier, appeals from the July 21, 2020 judgment of sentence imposed after revocation of his probation.  We affirm.

On August 13, 2014, the trial court sentenced Appellant to two years of probation for theft by deception (18 Pa.C.S.A. § 3922).  On three subsequent occasions, the trial court revoked and reinstated Appellant's term of probation.  On June 9, 2020, Appellant was arrested on a bench warrant for another violation.  The trial court conducted a revocation hearing on July 16, 2020[1] and, at its conclusion, sentenced Appellant to one to two years of state incarceration with credit for 38 days of time served.  Appellant filed a timely

---

[1]  On July 8, 2020, Appellant waived his right to a **Gagnon I** hearing.  **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973) (holding that due process requires a preliminary and final hearing prior to revocation of probation).

post-sentence motion on July 22, 2020. The trial court conducted a hearing on August 14, 2020, at which Appellant argued that the trial court could not revoke his probation based on a condition imposed solely by the probation officer, as opposed to the sentencing court. The trial court denied Appellant's post-sentence motion at the conclusion of the hearing, and this timely appeal followed.

Appellant presents a single question:

I.     Did the court err in revoking probation on the basis of conditions imposed by a probation officer as the sentencing code does not permit this delegation of authority to impose conditions?

Appellant's Brief at 5.

The sentence whose revocation is the subject of this appeal, imposed on February 14, 2020, required Appellant to "comply with all conditions, rules and regulations as required by the Centre County Probation and Parole Department [(hereinafter "County Probation")]." Judgment of Sentence, 2/14/20. Further, "The defendant shall refrain from the transportation, possession and/or use of any alcoholic beverages and/or non-prescribed drugs." *Id.* Among the conditions County Probation imposed was Condition Six: "You shall keep all appointments with your probation officer in accordance with the written and/or verbal instructions given to you by your probation officer." N.T. Revocation Hearing, 7/16/20, at 4-5. Condition Seven provided, "You will consent to drug and alcohol testing in the form of urinalysis, breathalyzer, and/or blood test on demand by the Centre County Probation

Office, and you will be responsible for paying the cost of any positive test within 15 days." *Id.* at 11.

Appellant failed to appear at the County Probation office on Friday, June 5, 2020 despite six phone messages, by either call or text from his probation officer, Thomas Donovan. *Id.* at 5. Appellant did not have a voice mail set up, but Donovan's iPhone confirmed that his text messages were delivered. *Id.* Donovan texted Appellant early on Monday, June 8, 2020 and told him to call the office by 8:30 a.m. to schedule a urine test. Appellant did not respond until late that evening, sending Donovan pictures of self-inflicted cuts on his body and claiming to be depressed. *Id.* at 9-10, 12.

Donovan first saw the picture message the following morning, June 9, 2020. Shortly thereafter, Donovan and several others went to Appellant's home to perform a wellness check. *Id.* at 9-10. They knocked on Appellant's door at 9 a.m. and heard movement inside, but Appellant did not speak or answer the door for several hours. *Id.* at 10-11. When Appellant finally spoke from within his home, he said he was going to barricade the door, and that his mother and girlfriend were present and would not be permitted to leave. *Id.* Appellant stated he would not come out alive. *Id.* at 10. Finally, between one and two p.m., authorities gained entry with a key supplied by the landlord and escorted Appellant out. *Id*. at 11. The Commonwealth argued that Appellant violated conditions six and seven of the terms of his probation—those being the requirements to keep appointments with his probation officer

and to submit to drug testing. The trial court agreed, and imposed sentence as set forth above.

Appellant argues that the trial court erred in revoking his probation for violation of conditions imposed by County Probation rather than the sentencing court. On review of a sentence imposed after revocation of probation, we examine the validity of the revocation proceedings and the legality of the new sentence, mindful of the trial court's authority to impose consider any sentencing alternative that was available at the initial sentencing. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000), *appeal denied*, 771 A.2d 1279 (Pa. 2001). Revocation of probation rests within the discretion of the trial court, and this Court will not disturb the trial court's decision absent an abuse of discretion or error of law. *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. Super. 1996).

Appellant relies on *Commonwealth v. MacGregor*, 912 A.2d 315 (Pa. Super. 2006), and *Commonwealth v. Vilsaint*, 893 A.2d 753 (Pa. Super. 2006), in which this Court examined the authority of a probation officer to impose conditions of probation. In *MacGregor*, the trial court found the defendant in violation of a condition forbidding contact with persons under age 18. *MacGregor*, 912 A.2d at 316. This Court vacated the judgment of sentence, reasoning that the trial court imposed no such condition. *Id.* at 318. Rather, it appeared on a preprinted form of conditions that the defendant signed with his probation officer. *Id.* In *Vilsaint*, the sentencing court

authorized the probation office to enroll the defendant in any program it deemed necessary. *Vilsaint*, 893 A.2d at 755. The preprinted sentencing form contained a list of conditions, including one prohibiting consumption of alcoholic beverages, but the sentencing court did not check the box for that condition. Regardless, the probation officer ordered the defendant not to drink, and the trial court revoked probation based on the defendant's violation of that condition. *Id.* Because a prohibition on alcohol consumption is not the equivalent of enrolling the defendant in a program, and because nothing else in the sentencing court's order authorized the condition whose violation was at issue, this Court concluded that the defendant's counsel missed an issue of arguable merit.[2] *Id.* at 757.

Our Supreme Court examined a similar issue in *Commonwealth v. Elliot*, 50 A.3d 1284 (Pa. 2012). There, the sentencing court's probation conditions included no unsupervised contact with a minor child. *Id.* at 1285. The probation office imposed conditions broadly forbidding direct or indirect contact or communication with minors and loitering within 1,000 feet of an area where the primary activity would involve minors. *Id.* at 1286. Probation officers then observed the defendant watching children at a park near the probation office. The defendant admitted to his probation officer that he was sexually aroused by a young girl he saw there. *Id.* at 1286-87. A search of

---

[2] Counsel in *Vilsaint* proceeded under *Anders v. California*, 386 U.S. 738 (1967).

the defendant's apartment revealed a journal documenting repeated trips to the park in question. The defendant's journal also documented the fact that the children at the park reminded him of his prior sexual assault victims. *Id.*at 1287.

On appeal from the revocation of his probation, the defendant challenged the probation office's authority to impose the conditions in question. After a thorough examination of the trial court's authority to order probation (*see* 42 Pa.C.S.A. § 9754) and the state board of probation's authority to supervise (*see* 61 Pa.C.S.A. § 6131, *et.seq.*), the Supreme Court made several observations. First, only the trial courts, and not the probation offices, have the authority to impose terms and conditions of probation. *Id.* at 1291. Attendant to that, "the Board and its agents cannot impose any condition of supervision it wishes, *carte blanche*. The board may, however, "impose conditions of supervision that are germane to, elaborate on, or interpret any conditions that are imposed by the trial court." *Id.* at 1292. "In summary, a trial court may impose conditions of probation in a generalized manner, and the Board or its agents may impose more specific conditions of supervision pertaining to that probation, so long as those supervision conditions are in furtherance of the trial court's conditions of probation." *Id.* The Supreme Court concluded that the condition forbidding the defendant to loiter within 1,000 feet of an area where minors gather was a permissible

derivative of the trial court's prohibition of unsupervised contact with minors. *Id.*

As set forth above, the sentencing order forbade consumption of alcoholic beverages and nonprescription drugs. Thus, this case is distinguishable from *Vilsaint*, in which the trial court imposed no such condition. In furtherance of the trial court's prohibition, County Probation required regular visits at which Appellant could be compelled to submit to urinalysis. We find it obvious that these conditions are derivative and in furtherance of the trial court's condition. Indeed, we fail to see how County Probation could discharge its obligation to supervise Appellant's compliance with the terms of his probation sentence without imposing regular visits and drug tests. The record establishes that Appellant missed several visits at which he was expected to provide a urine sample. On one occasion, Appellant's refusal to answer the door resulted in an hours-long standoff between Appellant and police. Because the law and the facts support revocation this case, we discern no legal error or abuse of discretion on the part of the trial court.

In hope of avoiding this conclusion, Appellant argues that *Elliot* is inapposite because it involved the authority of the state board of probation whereas this case involves County Probation. We observe that Appellant raised the distinction between state and county authorities for the first time

in his Pa.R.A.P. 1925(b) statement.[3]  For that reason, he has waived this issue.  Pa.R.A.P. 302(a).  Further, his argument on the merits of this issue is deficient in that Appellant fails to articulate any reason why the ***Elliot*** Court's rationale should not apply with equal force in this case.  Appellant cites no law that would forbid a county probation office to mandate regular appointments and drug tests and, as we have explained, it is unclear to us how County Probation could have discharged its supervisory role without them.

Based on all the foregoing, we find no merit in Appellant's assertion of error.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/07/2021

---

[3]  Appellant's written post-sentence motion did not raise any challenge to the validity of his probation conditions.  At oral argument he claimed that County Probation's conditions were outside the scope of the trial court's sentencing order, but he did not argue any distinction between the authority of county and state probation offices.  N.T. Hearing, 8/14/20, at 4.