J-S42010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE PACE, | |
| Appellant | No. 932 WDA 2015 |

Appeal from the Judgment of Sentence May 14, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012497-2013, CP-02-CR-0012502-2013

BEFORE: SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 28, 2016**

Appellant, Andre Pace, appeals from the judgment of sentence entered on May 14, 2015, following revocation of his probation. After careful review, we vacate and remand.

The trial court summarized the procedural history of this case as follows:

> [Appellant] was charged with one (1) count of Simple Assault at [two informations]. He appeared before [the court of common pleas] on February 5, 2014 and, pursuant to a plea agreement with the Commonwealth, pled guilty to both charges and was immediately sentenced to a term of probation of two (2) years. No Post-Sentence Motions were filed and no direct appeal was taken.

_____

[*] Former Justice specially assigned to the Superior Court.

On May 14, 2015, [Appellant] appeared before [the court of common pleas] for a probation violation hearing. Upon finding that [Appellant] had been convicted of a new offense and also had a number of technical violations, [the court of common pleas] revoked [Appellant's] probation and imposed two (2) consecutive terms of imprisonment of one (1) to three (3) years. A timely Motion to Reconsider Sentence was filed and was denied on May 18, 2015. This timely appeal followed.

Trial Court Opinion, 1/14/16, at 2 (internal footnote omitted).

Appellant presents the following issue for our review:

Did the trial court fail to adequately consider and apply all of the relevant sentencing criteria under 42 Pa.C.S.A. § 9721(b) (sentencing generally) and 42 Pa.C.S.A. § 9725 (total confinement) when it failed to order a pre-sentence investigative report or give reasons for its omission, and the hearing did not serve as an adequate substitute?

Appellant's Brief at 6 (full capitalization omitted).

Appellant's claim relates to the discretionary aspects of his probation revocation sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).[1]

_____

[1] Challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation are permitted. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013).

As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. **Commonwealth v. Sierra**, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, Appellant brought a timely appeal, and he included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). In his Pa.R.A.P. 2119(f) statement, Appellant argues that he has raised three

substantial questions: 1) the trial court did not adequately consider "relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of the Appellant," as 42 Pa.C.S. § 9721(b) requires; 2) the trial court did not order a pre-sentence investigation report ("PSI") or compensate for its absence and thereby failed to consider Appellant's character and background; and 3) the trial court relied on an improper factor–unrelated cases–in enhancing the punishment in this case. Appellant's Brief at 15-16.

In his post-sentence motion, however, Appellant made the following claims:

> 5. The Court failed to realize the rehabilitative needs of [Appellant].
>
> 6. The Court failed to take [Appellant's] age into account.
>
> 7. The Court failed to realize [Appellant] did not get arrested on another domestic case.
>
> 8. The Court failed to realize [Appellant] did complete the Batterers' Intervention Program.

Motion to Reconsider Sentence, 5/15/15, at 2.

As this Court has explained: "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Kittrell*, 19 A.3d 532, 538 (Pa. Super. 2011). Because Appellant failed to raise his issues regarding the lack of a PSI report

or the sentencing court's reliance on an unrelated case in resentencing Appellant, either at sentencing or in his post-sentence motion, those issues are waived. Thus, Appellant has preserved only his claim that the sentencing court failed to properly consider the relevant sentencing criteria required by 42 Pa.C.S. § 9721(b).

We next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court. The trial court's failure to offer specific reasons for the sentence that comport with the considerations required in section 9721(b) raises a substantial question. *Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011). Because Appellant has presented a substantial question, we proceed with our analysis.

The imposition of sentence following the revocation of probation is vested within the sound discretion of the probation revocation court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Sierra*, 752 A.2d at 913. On review, we determine the validity of the probation revocation proceedings and the authority of the probation revocation court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b); *Commonwealth v.MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006). When imposing a sentence of total confinement after a probation revocation, the sentencing court must

consider the factors set forth in Sections 9771(c)[2] and 9721(b) of the

Sentencing Code.  ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa.

Super. 2006).

> While parts of § 9721(b) do not govern revocation proceedings, as our sentencing guidelines are not required to be consulted in such instances, ***see*** 204 Pa.Code. § 303.1(b), other provisions of that section do apply.  For example, the sentencing court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S. § 9721(b).  In addition, in all cases where the court "resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."  ***Id.***  Failure to comply with these provisions "shall be grounds for vacating

_____

[2] The following limitations apply when a sentence of total confinement is being considered following revocation of probation:

> **(c) Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
>> (1) the defendant has been convicted of another crime; or
>>
>> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>>
>> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

the sentence or resentence and resentencing the defendant."
***Id.***

***Cartrette***, 83 A.3d at 1040-1041. Following the revocation of probation, a probation revocation court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the probation revocation court's consideration of the facts of the crime and character of the offender. ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010).

Following careful review of the scant five-page probation violation sentencing transcript, we find that the court failed to demonstrate that it sufficiently considered the criteria enunciated in 42 Pa.C.S. § 9721(b) in imposing Appellant's sentence. The court failed to discuss in any detail the need for protecting the public, the impact the crime had on the community and the victim, and the character and rehabilitative needs of Appellant. It is undisputed that the judge did not consult a PSI.[3] Furthermore, the trial court failed to adequately articulate on the record the reasons for revoking Appellant's probation and imposing the aforementioned sentence.

As a result, without sufficient information regarding the factors outlined in 42 Pa.C.S. § 9721(b), we are unable to determine whether the

---

[3] "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009).

sentence imposed upon Appellant after revocation of his probation is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of [Appellant]." 42 Pa.C.S. § 9721(b). Thus, we are constrained to remand the matter to the trial court for a revocation hearing and resentencing that is consistent with the requirements of 42 Pa.C.S. § 9721(b). *See Commonwealth v. Ferguson*, 893 A.2d 735, 740 (Pa. Super. 2006) (trial court's failure to explain how sentence imposed following probation revocation met Appellant's rehabilitative needs, as required under 42 Pa.C.S. § 9721(b), resulted in this Court's vacation of Appellant's sentence and remand for resentencing).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Justice Fitzgerald joins the Memorandum.

Judge Ott files a Dissenting Statement.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/28/2016