J-S41035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
      :        PENNSYLVANIA
       Appellee       :
      :
       v.       :
      :
ALAINNA MARIE BUNCH       :
      :
       Appellant       :        No. 146 EDA 2018

Appeal from the Judgment of Sentence October 19, 2017
In the Court of Common Pleas of Carbon County
Criminal Division at No(s):  CP-13-CR-0000120-2013

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:        **FILED AUGUST 30, 2018**

Appellant, Alainna Marie Bunch, appeals from the judgment of sentence entered in the Carbon County Court of Common Pleas, following revocation of her probation.  We affirm.

The relevant facts and procedural history of this case are as follows.

> On October 14, 2012, [Appellant] was arrested and charged with violations of 18 Pa.C.S.A. § 908(a), Possession of a Prohibited Offensive Weapon, and 35 P.S. § 780-113(a)(16), Possession of a Controlled Substance.  On May 22, 2014, [Appellant] entered a guilty plea to the Possession of a Prohibited Offensive Weapon charge and was immediately sentenced to one (1) year of probation and ordered to pay the court costs and costs of prosecution in an amount not less than Fifty Dollars ($50.00) per month.  As part of the "special provisions" of that sentence, [Appellant] was to also render fifty (50) hours of community service and be subject to the standard conditions of release adopted by the [c]ourt.  On that same date, [Appellant] met with a representative of the Carbon County Adult Probation Office and executed a document entitled "Conditions of Supervision."  Condition #3 of that document reads as

_____

*  Former Justice specially assigned to the Superior Court.

follows: "You will refrain from the violation of all Municipal, County, State and Federal Criminal Statutes, as well as provisions of the Vehicle Code and Liquor Code. You must notify your probation/parole officer of any arrest, citation within seventy-two (72) hours of occurrence." [Appellant] executed this document on May 22, 2014.

While on [probation], [Appellant] was alleged to have committed various offenses of the Vehicle Code, including Driving Under the Influence of Alcohol or Controlled Substance, a violation of 75 Pa.C.S.A. § 3802(d). This was alleged to have occurred on March 15, 2015.

On June 9, 2015, Adult Probation Officer Joseph Bettine filed a Petition for Revocation of Parole/Probation against [Appellant]. [Officer] Bettine alleged that [Appellant] violated three (3) conditions of her supervision, namely: 1) that she was charged with DUI and related summary offenses; 2) that she failed to make a concerted effort to pay her court costs; and 3) that she did not complete her community service hours.

On June 22, 2015, [Appellant] waived her *Gagnon I* hearing. [Appellant's] initial *Gagnon II* hearing was scheduled for September 25, 2015, but was continued due to the unresolved new charges. Similarly, the *Gagnon II* hearing was thereafter continued numerous times for the same reason. After [Appellant] was convicted on new charges, her *Gagnon II* hearing was scheduled for May 19, 2017, but it was continued to give her an opportunity to apply for a public defender. From that date forward, [Appellant] was assigned various public defenders to represent her at the *Gagnon II* hearing.

On August 25, 2017, [Appellant] failed to appear for her *Gagnon II* hearing and subsequently a warrant was issued for her arrest. This warrant was eventually served on [Appellant] and thereafter she was incarcerated. On October 19, 2017, her *Gagnon II* hearing was held.

After hearing testimony and argument from both [Appellant] and the Commonwealth, [the c]ourt determined that the facts of the case warranted revocation of [Appellant]'s probation. As a result, the [c]ourt then

- 2 -

resentenced [Appellant] to a period of incarceration of five (5) months to twelve (12) months in the Carbon County Correctional Facility with credit for twenty-four (24) days served to that date.[1]  On November 17, 2017, an [a]ppeal was filed on [Appellant]'s behalf.  Thereafter, on November 20, 2017, [the court denied Appellant's motion for reconsideration and] directed [Appellant] to file her [Rule] 1925(b) Statement of [Errors] Complained of on Appeal, which she did on December 11, 2017.

(Trial Court Opinion, filed January 11, 2018, at 1-4) (internal footnotes omitted).

Appellant raises the following issues for our review:

WHETHER THE TRIAL COURT ERRED IN CONSIDERING ALLEGED TECHNICAL VIOLATIONS OF APPELLANT'S PROBATION DURING RESENTENCING WHERE EVIDENCE WAS PRESENTED THAT APPELLANT SATISFIED THOSE TECHNICAL VIOLATIONS PRIOR TO THE HEARING[?]

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IMPOSING A SENTENCE THAT WAS EXCESSIVE IN LIGHT OF OTHER FACTORS PRESENTED BY APPELLANT AT THE HEARING[?]

(Appellant's Brief at 2).

Appellant argues by the time of her **Gagnon II** hearing and resentencing, she had satisfied her court costs; and the Commonwealth withdrew this technical violation, but the court incorrectly considered this factor when it resentenced Appellant.  Appellant maintains the Commonwealth did not inform her that some of her community service hours were

---

[1] On October 25, 2017, Appellant timely filed a motion for reconsideration of the sentence.

unsatisfactory, and the court also incorrectly gave weight to this factor during resentencing. Appellant submits she substantially complied with the conditions of her probation and remained crime-free for ten (10) months, factors which the court failed to consider when it excessively resentenced Appellant to five (5) to twelve (12) months' incarceration. As presented, Appellant challenges the discretionary aspects of her sentence. **See Commonwealth v. Cruz-Centeno**, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors challenges discretionary aspects of sentencing).

When reviewing the outcome of a revocation proceeding, this Court may review the discretionary aspects of sentencing. **Commonwealth v. Cartrette**, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited to validity of proceedings and legality of sentence, we unequivocally hold that this Court's scope of review on appeal from revocation sentencing also includes discretionary sentencing challenges).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify

> sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in her brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f).  This Court must evaluate what constitutes a substantial question on a case-by-case basis.  *Commonwealth v. Paul*, 925 A.2d 825 (Pa.Super. 2007).  A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits.  *Mouzon, supra* at 430, 812 A.2d at 624.  Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review.  *Id.* at 435, 812 A.2d at 627.  Rather,

a substantial question exists "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." *Id.* Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." *Cruz-Centeno, supra* at 545.

In the context of probation revocation and resentencing, the Sentencing Code provides, in pertinent part:

> **§ 9771.  Modification or revocation of order of probation**
>
> **(a)  General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.
>
> **(b)  Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation.  Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
>
> **(c)  Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1)  the defendant has been convicted of another crime; or
>
> (2)  the conduct of the defendant indicates that it is likely that [she] will commit another crime if [she] is not imprisoned; or

(3)  such a sentence is essential to vindicate the
authority of the court.

\*    \*    \*

42 Pa.C.S.A. § 9771(a)-(c).[2]  "The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct.  Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated."  **Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa.Super. 2014), *appeal denied*, 631 Pa. 710, 109 A.3d 678 (2015).

"[T]he revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. MacGregor**, 912 A.2d 315, 317 (Pa.Super. 2006). Following the revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely she will commit another crime if she is not imprisoned; or, such a sentence is essential to vindicate the authority of the court.  **See** 42 Pa.C.S.A. § 9771(c).

Pursuant to Section 9721(b), "the court shall follow the general principle

---

[2] Possession of a prohibited offensive weapon is a first-degree misdemeanor, which carries a maximum sentence of five (5) years' imprisonment.  18 Pa.C.S.A. §§ 908, 1101.

that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **Id.** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence…." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Id.** **See also Commonwealth v. Carrillo-Diaz**, 64 A.3d 722 (Pa.Super. 2013) (explaining where revocation court presided over defendant's no contest plea hearing and original sentencing, as well as his probation revocation hearing and sentencing, court had sufficient information to evaluate circumstances of offense and character of defendant when sentencing following revocation).

Instantly, Appellant raised her issues in a post-sentence motion and filed a timely notice of appeal. Appellant, however, did not set forth a separate statement of reasons for review under Rule 2119(f) in her appellate brief, which ordinarily waives a discretionary-aspects-of-sentencing issue, unless the Commonwealth fails to object to the omission. **See Commonwealth v. Saranchak**, 544 Pa. 158, 675 A.2d 268 (1996) (stating court may overlook

appellant's failure to provide Rule 2119(f) statement when appellee fails to object, if substantial question is evident from appellant's brief; boilerplate assertions do not qualify as substantial questions regarding discretionary aspects of sentencing). Here, the Commonwealth did not object to the missing Rule 2119(f) statement.

As presented, Appellant's claim that the court did not consider certain mitigating factors, absent more, does not appear to present a substantial question for our review. *See Cruz-Centeno, supra*; *Mouzon, supra*. Moreover, the court stated its reasons for resentencing Appellant on the record as follows:

> **THE COURT**: The testimony that has been presented is clear that there was a violation of the probation of [Appellant] insofar as [at a] minimum, she was arrested for and convicted of a new criminal offense. The testimony also would suggest…the status of her court costs as of the time of the filing of the petition [to revoke probation] were still outstanding. [Appellant] still owed money as of the date this petition was filed. So in theory, there are two violations at the time the petition was filed. The third one, albeit questionable in the sense that all community service work must be verified, once it was received by [Appellant's probation officer], it was not verified prior to the effective date of the petition being filed.
>
> The bottom line is, there is a violation, or violations. So I am going to revoke the probation. The question is[,] what type of sentence should I impose? I understand the probation office normally will recommend, albeit an unwritten policy, anytime there is a new offense, it's a minimum of six months that they request. I agree with you, [Appellant's counsel], that's not etched in stone. It's definitely not etched in stone in the [c]ourt's mind, but it is a consideration for the [c]ourt, just as much as [Appellant's counsel's] recommendation that I impose a time[-]served

- 9 -

sentence is a consideration for the [c]ourt.

I would note that a new charge is the most egregious violation of any supervision in my opinion, and obviously in probation's opinion as well. The fact that [Appellant] is suffering from physical or mental issues and that's why she shouldn't be in prison would suggest that if I go along with that theory, there should be no one in prison. It should be empty. And [Appellant], all the other problems and all the other consequences that you have raised as a result of your incarceration is a result of you violating your probation.

What I am going to do, taking into consideration everything that's been presented here this afternoon, is I am going to resentence you with a sentence of five to 12 months with credit for 24 days served.

(N.T., 10/19/17, at 28-29). *See* 42 Pa.C.S.A. § 9721(b); *Crump, supra*.

Further, in its opinion, the court stated:

[Appellant] was initially placed on ARD supervision on [the original] charges; however, due to her failure and inability to follow the terms and conditions of that supervision, she was revoked from that program. While the [c]ourt would agree that while serving this [probationary] sentence, [Appellant] was only charged with new offenses one (1) time, that one (1) time is an egregious violation of her supervision. The [c]ourt does note that, after the filing of the Petition to Revoke Probation, [Appellant] satisfied her community service and [c]ourt costs. But the fact remains that these were violations of her supervision, albeit technical ones, because she did not complete them prior to the end of her supervision.

[Appellant] also contends that the [c]ourt did not consider her personal circumstances when it resentenced her. [The c]ourt believes she is referring to the custody of her two (2) children. The [c]ourt did consider that and notes that the children were then and now in the custody of their father, a parent who was no stranger to them and had not only been in the process of securing primary custody of them, but was already and integral part of their lives.

> In imposing the five (5) to twelve (12) month sentence, the [c]ourt took into consideration the fact that throughout this case, [Appellant] was on supervision for a period of time, both ARD and regular probationary supervision, and she violated both. The violations that are part of this [a]ppeal were threefold, and while [Appellant] was successful in completing her community service and paying off her court costs before her [*Gagnon II*] hearing, the fact remains that she violated her probation in three (3) different ways. It should be noted that while the recommendation of the Commonwealth was for a minimum of six (6) months of incarceration, the [c]ourt only sentenced [Appellant] to a minimum of five (5) months. [The c]ourt did take into consideration the issues raised by [Appellant], both at the [*Gagnon II*] hearing and in this [a]ppeal. Such a sentence was well within [the c]ourt's discretion pursuant to 42 Pa.C.S.A. § 9771.

(Trial Court Opinion at 6-7). *See Carillo-Diaz, supra*. The record supports the trial court's rationale, therefore, we have no reason to disturb it. *See MacGregor, supra*. Accordingly, we affirm the judgment sentence.

Judgment of sentence affirmed.

President Judge Emeritus Stevens joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/18

- 11 -