**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN CHARLES ILLINGWORTH | : | |
| | : | |
| Appellant | : | No. 1187 WDA 2018 |

Appeal from the Judgment of Sentence Entered July 19, 2018
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0002208-2012

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.: **FILED JUNE 7, 2019**

Appellant, John Charles Illingworth, appeals from the judgment of sentence entered on July 19, 2018, following revocation of his probation. After careful consideration, we vacate the judgment of sentence and remand for resentencing.

The trial court summarized the factual and procedural history of this case as follows:

> [Appellant] appeals from this [c]ourt's July 19, 2018, re-sentence after his probation was revoked for multiple violations and his original sentence was vacated. [Appellant] was charged with one count each of: retail theft – take merchandise; theft by unlawful taking - movable property; conspiracy - retail theft; and disorderly conduct.[1] On October 3, 2013, [Appellant] entered a plea of *nolo contendere* to one count of organized retail theft - merchandise valued at $5,000-$19,999, a felony of the third degree[.][2] On November 12, 2013, [Appellant] was sentenced to: pay the costs of prosecution, pay restitution of $11,500, and serve a period of probation of eighty-four (84) months, this sentence was within the standard range.

---

\* Retired Senior Judge assigned to the Superior Court.

[1] Respectively 18 Pa. C.S. §§ 3929.3(a), 3921(a), 903, and 5503(a)(4).

[2] 18 Pa. C.S. § 3929.3(a).

[Appellant] was arrested on a probation bench warrant on June 5, 2018, and a hearing was held on June 21, 2018. Testimony presented showed that: [Appellant] had not contacted or met with his probation officer for a prolonged period; probation officers had been unable to locate [Appellant]; and that [Appellant] had not made any payments on this matter in nearly five years.[3] [Appellant] indicated that: he had been homeless for a period of time; he stayed in various homeless shelters until he obtained his own residence with the aid of the Union Mission in Latrobe; he had been unable to find employment other than odd jobs for his landlord; and, that for the last eighteen (18) months he shared a residence with his girlfriend. [Appellant] further testified that he thought his family was making payments on his behalf. Following the testimony the [c]ourt revoked [Appellant's] probation finding that he had failed to comply with virtually every term of his probation from the date of sentencing until his arrest on the probation bench warrant.

[3] A review of the docket entries in this matter reveals that no payments have been made on [Appellant's] case but that his co-defendant, Daniel G. Wyers, has made payments towards the joint and several restitution amounts on his case at Cambria County docket number 0199-2013. The reference to a payment made June 26, 2017, on page 2 of the June 21st transcript is to a payment made by Wyers not [Appellant].

The [c]ourt directed that an updated pre-sentence investigation [report] (PSI) was to be completed and set sentencing for July 19, 2018. At the July 19th hearing, [Appellant] again explained: that he had been homeless for a period of time; that for the last twelve (12) months he shared a residence with his girlfriend; and that he could now make his monthly payments as he had found a job. In imposing its sentence the [c]ourt indicated that it: had reviewed the record in this matter; had reviewed the updated PSI; read and considered a letter submitted by [Appellant]; considered the comments of the probation officers

and counsel; and considered the sentencing options available to it under the laws of the Commonwealth. The [c]ourt found that [Appellant] had violated virtually every condition of his probation and resentenced him to: pay the costs of prosecution; pay restitution totaling $11,500; and to serve a period of incarceration of forty-two (42) to eighty-four (84) months incarceration. [Appellant] was found to be RRRI eligible with an RRRI sentence of thirty-five (35) months.

[Appellant] filed a Motion for Sentence Modification that was denied on August 7, 2018. [Appellant] filed a timely appeal and filed a Concise Statement of Matters Complained of on Appeal (Concise Statement) pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) as Ordered by this [c]ourt. In his Concise Statement [Appellant] raises the sole allegations of error that the [c]ourt abused its discretion in sentencing him to a period of total confinement without considering his circumstances.

Trial Court Opinion, 10/8/18 at 1-3 (internal citations omitted).

Appellant presents the following issue for our review: "Whether the Sentencing Court manifestly abused its discretion, hence violating the mandates of the Pennsylvania Sentencing Code, when its sentence far exceeded the reasons for which Appellant violated his probation?" Appellant's Brief at 5.

Appellant's issue challenges the discretionary aspects of his sentence.[1] We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary

---

[1] In *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*), this Court held that our "scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." Thus, there is no impediment to our review.

aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)).  The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either:  (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.  ***Commonwealth v. Sierra***, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, the first three requirements of the four-part test are met: Appellant brought a timely appeal, raised the challenge in a post-sentence

motion, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-887 (Pa. Super. 2008). In his Pa.R.A.P. 2119(f) statement, Appellant asserts that the trial court violated the sentencing code by sentencing Appellant to the maximum allowable sentence for a felony of the third degree. Appellant's Brief at 10. Specifically, Appellant argues that in sentencing Appellant, the trial court failed to consider Appellant's rehabilitative needs. *Id.* Appellant further maintains that "[t]he [c]ourt brushed over the dire financial situation that Appellant found himself in and in essence, sentenced him to a harsh sentence for being unable to pay his costs, fines and restitution." *Id.*

The imposition of a sentence of total confinement after revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process." *Sierra*, 752 A.2d at 913. Thus, "[o]n appeal from a revocation proceeding, we find a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation

of parole or probation." *Id.* Thus, we shall consider the merits of Appellant's claim.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *See Cartrette*, 83 A.3d at 1033–1035 (explaining that notwithstanding prior decisions, which stated our scope of review in revocation proceedings is limited to the validity of the proceedings and legality of sentence, this Court's scope of review on appeal from revocation sentencing can also include discretionary sentencing challenges). "[T]he revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006).

Additionally, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000); 42 Pa.C.S. § 9771(b). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a

sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c)(1-3); ***Fish***, 752 A.2d at 923.

Furthermore, because sentencing guidelines do not apply to sentences imposed following a revocation of probation, we are guided by the provisions of 42 Pa.C.S. § 9721, which state the general standards that a court is to apply in sentencing a defendant. ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa. Super. 2006).

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

***Id.*** Moreover, this Court has explained that when the "sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" ***Moury***, 992 A.2d at 171.

The trial court considered Appellant's situation in resentencing him and provided the following reasons for imposing Appellant's sentence:

> I have taken into consideration your revised presentence report as well as the letter you wrote to the court, comments of the probation office and counsel. Bottom line is you violated virtually every aspect of your supervision. I have reviewed not only your presentence report but the options of sentencing as contained in Title 18 and Title 42, and I resentence you as follows.

> To the case at 2208-2012 count one, you're sentenced to pay the costs of prosecution, $500 to the use of Cambria County, $200 special admin fee, direct restitution of $6,806 to Decker Diamond Jewelers, subrogated restitution of $4,694 to Jewelers Mutual Insurance, and serve no less than 42 months nor more than 84 months state correctional institute. I note according to the PSI you are RRRI eligible, and your RRRI is 35 months.

N.T., 7/19/18, at 4-5.

Further, the trial court stated the following in its Pa.R.A.P. 1925(a)

opinion:

> Here, [Appellant] was initially sentenced to a period of probation and required to pay restitution following his *nolo* plea. After his failure to comply with virtually all the terms of his probation in any meaningful way for nearly five years, he was resentenced to a period of incarceration of forty-two (42) to eighty-four (84) months with credit for time served and was found RRRI eligible with an RRRI sentence of thirty-five (35) months. [Appellant's] sentence was based upon the [c]ourt's review of: the circumstances of the case; an updated PSI; testimony presented at the June 21st and July 19th hearings by probation officers and [Appellant]; a letter submitted to the [c]ourt by [Appellant] detailing his circumstances since his original sentencing; arguments of counsel; and the laws of the Commonwealth. The record reflects that the [c]ourt took into consideration all these factors most notably [Appellant's] failure to comply with essentially all the terms of his probation, including his failure: to maintain regular contact with his probation officer; to update his address, and to make payments, in determining that a sentence of incarceration was necessary to vindicate the [c]ourt's authority. The record thus reflects that [c]ourts' careful consideration of [Appellant's] circumstances in combination with all other relevant factors in reaching its sentence.

Trial Court Opinion, 10/8/18, at 7-8 (internal citations omitted).

The trial court acted with considerable leniency in originally sentencing

Appellant to probation. This sentence was significantly below statutory limits.

**See** 18 Pa.C.S. § 1103(3) (a person who has been convicted of a felony of the

third degree may be sentenced to imprisonment "for a term which shall be fixed by the court at not more than seven years"). After receiving his original probationary sentence, however, Appellant completely failed to comply with the provisions of his sentence. At the hearing on the probation bench warrant, the probation department provided the following information:

> It is a felony three retail theft charge in which [Appellant] was placed on 84 months of state probation on November 12, 2013. The state, however, did not accept this case. At the time that they were trying to meet with [Appellant], he was unavailable. They weren't able to speak to him. His whereabouts had been unknown. We had an address in Pittsburgh. We had an address in Latrobe. Letters were sent to both addresses for him to appear for office appointments with Cambria County Probation. He failed to appear or respond to either of those letters. He is delinquent on his payments.

N.T., 6/21/18, at 2.

At the resentencing on the probation violation, the probation officer testified that Appellant failed to report for supervision after being sentenced. N.T., 7/19/18, at 2. The probation officer explained that there was not an indication of probation violation until June 20, 2017, because: "It took ––– it would have taken them that long to accept supervision or look for him[.]" *Id.* at 3.

Accordingly, the record supports the conclusion that Appellant failed to comply in any manner with the terms of his probation. Thus, we conclude that a sentence of total incarceration was "essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c)(3). *See Commonwealth v. Malovich*, 903 A.2d 1247, 1254 (Pa. Super. 2006) (where defendant failed to respond

- 9 -

to the court's authority and comply with judicial efforts such as drug treatment and probation requirements, total confinement was necessary to vindicate the court's authority).

However, while we agree that a term of total incarceration upon probation revocation was appropriate given these circumstances, we are constrained to conclude that a sentence of three and one-half to seven years of imprisonment was an abuse of discretion. Here, Appellant committed technical violations of his probation, a term of probation that stemmed from Appellant's one and only conviction which resulted from a plea of *nolo contendere* to a non-violent crime. As this Court explained in *Commonwealth v. Parlante*, 823 A.2d 927, 931 (Pa. Super. 2003):

> We agree with the trial court that Parlante should serve time in prison because of her prior criminal record and repeated inability to comply with the rules and requirements of her probation. . . . Four to eight years in prison, however, is a manifestly unreasonable amount of time. Parlante never committed a violation crime, in fact, the majority of her probation violations were technical. Moreover, the trial court failed to consider these and most other relevant factors and supply adequate reasons for sentencing Parlante to a substantial term of confinement.

*Id.* at 931.

We find *Parlante* to be instructive in the case before us. Considering the nature of Appellant's probation violations, his underlying non-violent conviction, the lack of criminal history, and the mitigating factors Appellant presented to the trial court, we conclude that the sentence of forty-two to eighty-four months of imprisonment "is a manifestly unreasonable amount of

time." *Id.* at 931. Furthermore, the sentence is not based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and Appellant's needs for rehabilitation, in violation of Section 9721(b). *Ferguson*, 893 A.2d at 739. Thus, we are constrained to conclude that the trial court abused its discretion in sentencing Appellant to such a substantial term of confinement.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2019