J-S37005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAEON SMILEY | : | |
| | : | |
| Appellant | : | No. 3068 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008837-2011

BEFORE:  SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    Filed: May 20, 2021

Appellant, Raeon Smiley, appeals *nunc pro tunc* from the judgment of sentence entered on September 21, 2017, following the revocation of his probation.  We vacate Appellant's sentence and remand for resentencing.

The lower court summarized the procedural history as follows:

On September 21, 2011, [Appellant], Raeon Smiley, pled guilty before this [c]ourt to one count of Sale of a Firearm to Ineligible Transferee (18 Pa. C.S.A. § 611 1(8)(2)) and one count of Conspiracy (18 Pa.C.S.A. § 903(c)).  On November 30, 2011, this [c]ourt sentenced [Appellant] to eight (8) to twenty three (23) months of confinement, with immediate parole, followed by five (5) years of probation for Sale of a Firearm to Ineligible Transferee, and five (5) years of probation for Conspiracy.  On June 15, 2017, while on this [c]ourt's probation, [Appellant] was arrested and charged with Simple Assault and Harassment as a result of an argument with his live-in girlfriend.  During that argument, which occurred in the home [Appellant] shares with the complaining witness and their two young children, [Appellant] punched the complaining witness in the face. N.T., 9/21/2017, at 3, 5.  Those charges were ultimately dropped when the complaining witness failed to appear for court on several

occasions. [Appellant] also had one "hot" urine test result, indicating that he used drugs while on probation, and wanted cards issued by his probation officer because he failed to appear at the probation office after being told to do so following his new arrest. *Id.* at 9. On September 21, 2017, following a Violation of Probation ("VOP") hearing, this [c]ourt found [Appellant] to be in violation of [his] probation. This [c]ourt revoked probation and imposed a VOP sentence of two and one half (2 ½) to five (5) years of confinement for Sale of a Firearm to Ineligible Transferee, and three and one half (3 ½) to seven (7) years of confinement for Conspiracy. This [c]ourt ordered the sentences to run concurrently, for an aggregate VOP sentence of six (6) to twelve (12) years of confinement.

On September 27, 2017, [Appellant] filed Post Sentence Motions, which this [c]ourt denied the same day. [Appellant] then filed a Notice of Appeal to the Superior Court of Pennsylvania on October 24, 2017. That appeal was quashed as untimely on February 6, 2018 (3450 EDA 2017).

On September 20, 2018, [Appellant] filed a timely *pro se* petition under the Post Conviction Relief Act ("PCRA"). PCRA counsel was subsequently appointed, and on October 21, 2019, this [c]ourt granted Defendant's petition and reinstated his appellate rights.

VOP Court Opinion, 1/14/21, at 1–2.

The record reveals that Appellant's direct-appeal rights were reinstated *nunc pro tunc* on October 21, 2019, and Appellant filed a timely appeal on October 25, 2019. Appellant, represented by counsel, failed to comply with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within twenty-one days of November 21, 2019.[1]

---

[1] The record certified to us on appeal initially revealed that counsel did not file a Rule 1925(b) statement. Appellant apparently filed the statement on February 9, 2020, nearly two months late, the same day he filed his appellate brief in this Court. Supplemental Record, 1/19/21.

On November 25, 2020, this Court concluded that Appellant's counsel's failure to file a Pa.R.A.P. 1925(b) statement was *per se* ineffective assistance of counsel. **Commonwealth v. Smiley**, 242 A.3d 455, 3068 EDA 2019 (Pa. Super. filed November 25, 2020). Therefore, pursuant to Pa.R.A.P. 1925(c)(3), we remanded for the filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc* within twenty-one days from the date our Judgment Order was filed, or by December 16, 2020. We directed the trial court to file a Rule 1925(a) opinion within thirty days of the filing of the Pa.R.A.P. 1925(b) statement, with a new briefing schedule to follow.

The VOP court filed its opinion after remand on January 14, 2021, and stated, "As [Appellant] has already filed a Concise Statement, this [c]ourt did not order that another be submitted." VOP Court Opinion, 1/14/21, at 3. On February 23, 2021, Appellant filed, in this Court, a brief identical to his prior brief submitted before remand. The Commonwealth complied with our remand order and filed a responsive brief on March 24, 2021.

Appellant raises the following issue on appeal:

1. Was the over[]ly harsh consecutive sent[en]ce imposed by the court following a violation of probation hearing without sufficient reasons on the record as required by Pennsylvania law?

Appellant's Brief at 4.

Our standard of review is as follows:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.

- 3 -

An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. *Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012).

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014). When evaluating the outcome of a revocation proceeding, this Court is limited to reviewing the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-1035 (Pa. Super. 2013). "[T]he revocation of a probation sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006). Additionally, when sentencing a defendant following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000); 42 Pa.C.S. § 9771(b).

Appellant asserts that the VOP court imposed an overly harsh consecutive sentence and failed to provide adequate reasons in fashioning Appellant's sentence. Appellant's Brief at 10. This is a challenge to the discretionary aspects of the sentence. *Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa. Super. 2010). We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth*

*v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 912-913 (Pa. Super. 2000).

Herein, the first three requirements of the four-part test are met: Appellant brought a timely appeal, raised the challenge in a post-sentence motion,[2] and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f).[3] Appellant's Brief at 6. Therefore, we next determine whether Appellant raised a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

In his Rule 2119(f) statement, Appellant asserts that the sentence imposed "failed to follow the dictates of 42 Pa.C.S.A. § 9721(b) requiring the court to at least consider the particular circumstances of the offense and the character of the defendant along with other important factors . . . ." Appellant's Brief at 6. We conclude that Appellant raised a substantial question that the sentence appealed is not appropriate under the Sentencing Code. *See Commonwealth v. Caldwell*, 117 A.3d 763, 769-770 (Pa. Super. 2015) (*en banc*) (holding that an assertion that a sentence is excessive, in

---

[2] We note that while Appellant assailed his sentence in his post-sentence motion, he merely noted that the sentence "was excessive" and failed to assert the VOP court's failure to provide adequate reasons for its sentence. Post Sentence Motion, 9/27/17, at unnumbered 2. We do not, however, find waiver on this basis herein.

[3] We note that although Appellant presented a statement pursuant to Pa.R.A.P. 2119(f), he incorrectly labeled it as a statement of matters complained of on appeal. Appellant's Brief at 6.

conjunction with a claim that the trial court failed to consider all pertinent factors, raises a substantial question).

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference because the sentencing court is in the best position to view a defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted). Herein, the VOP court asks this Court to remand the matter for resentencing. The VOP court states:

> [T]his [c]ourt concedes that it committed reversible error in failing to state sufficient reasons for its sentence on the record at the time of sentencing, and that the record contains insufficient information to demonstrate that this [c]ourt considered "the particular circumstances of the offense and the character of the defendant." As such, this [c]ourt requests that the Superior Court remand the matter for resentencing.

VOP Court Opinion, 1/14/21, at 3. The Commonwealth concurs with the VOP court and states, "Because the VOP court, by its own admission, concedes that it did not comply [with] the requirements of [42 Pa.C.S. §] 9721(b) and [Pa.R.Crim.P.] 708(D)(2), the Commonwealth does not oppose remand for resentencing for the VOP court to supplement the record." Commonwealth's Brief at 12. Our review of the record compels our agreement.

Therefore, the judgment of sentence imposed September 21, 2017, is vacated and the case is remanded for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

P.J.E. Ford Elliott did not participate in the consideration or decision of this case.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/21